

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-4-2008

# Alea N Amer Ins Co v. Salem Masonry Co Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1681

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Alea N Amer Ins Co v. Salem Masonry Co Inc" (2008). *2008 Decisions.* Paper 162.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/162

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1681
_____

ALEA NORTH AMERICA INSURANCE COMPANY,

Appellant

v.

SALEM MASONRY CO., INC. d/b/a Salem Masonry;
PADOVANO FRANKEL VOUGA AGENCY; NUNO ALEXANDRE;
GRANITE STATE INSURANCE COMPANY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 03-cv-02927)
District Judge:  The Honorable Peter G. Sheridan

_____

Argued: September 9, 2008

Before: SLOVITER, FUENTES, and NYGAARD, Circuit Judges.

(Filed:   December 4, 2008)

Marie A. Hoenings, Esq. (Argued)
L'Abbate, Balkan, Colavita & Contini
7 Regent Street, Suite 711
Livingston, NJ 07039
          Counsel for Appellant

Christopher H. Westrick, Esq. (Argued)
Golden, Rothschild, Spagnola, Lundell, Levitt, & Boylan

1011 Route 22 West
P. O. Box 6881, Suite 300
Bridgewater, NJ 08807
<u>Counsel for Appellee, Granite State Ins. Co.</u>

_____

OPINION OF THE COURT

_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

The factual background of this appeal is well known to the parties, only tangentially germane to our decision, and calls for only this brief summary. Joseph Percario is a general contractor who hired Salem Masonry Inc., as a sub-contractor. Granite State Insurance provided workers compensation insurance to Percario. Appellant Alea North American Insurance provided workers compensation insurance to Salem. Salem Masonry lied on its insurance application, claiming that none of its employees worked at heights greater than fifteen feet. Nuno Alexandre, an employee of Salem Masonry, was severely injured when he fell down an elevator shaft that was approximately five or six stories high.

Alea Insurance quickly realized that Alexandre was working at a height greater than fifteen feet and filed an action, first, to rescind its policy because of the fraudulent statement in the application, and second, to declare the general contractor's carrier, Granite State, responsible for paying workers compensation benefits to the injured

2

employee. Alea also sought reimbursement from Granite State for the benefits it had paid to Alexandre.

The District Court granted partial summary judgment in favor of Alea on its equitable fraud claim.[1] This judgment voided and rescinded Alea's policy with Salem. Litigation continued on various claims brought against the brokers, Salem Masonry and the claim by Alea against Granite State for reimbursement of payments to the injured employee.

Subsequent to the partial summary judgment, the Superior Court of New Jersey issued an opinion holding that fraudulent statements made in an application for a workers compensation policy could not be a basis for voiding for the policy. *American Millennium Insurance v. Berganza*, 902 A.2d 266 (N.J. App. Div. 2006). Based on this new state-court precedent, Granite State filed a motion pursuant to FED.R.CIV.P. 60(b) to have the summary judgment rescinded. The District Court determined the American Millennium case to be "squarely on point" and granted Granite State's motion to set aside its previous judgment in favor of Alea.

At oral argument, Appellant withdrew its argument that FED.R.CIV.P 60(b) did not authorize the District Court to reconsider its partial summary judgment based upon subsequent changes in the law. That was wise. The District Court changed its ruling

---

[1.] The District Court entered final judgment on February 7, 2007, disposing of all remaining claims of the various parties. Alea filed a timely Notice of Appeal on March 6, 2007. We have jurisdiction pursuant to 28 U.S.C. § 1291.

3

before the litigation had ended.  FED.R.CIV.P. 60(b) contemplates relief from a *final* judgment. A district court is entitled to reconsider its interlocutory orders "when it is consonant with justice to do so." *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973).  The District Court here clearly had the authority to rescind its partial summary judgment for Alea on the rescission claim while Alea's damages claims were still pending.

The only question remaining on appeal is whether the District Court erred in how it interpreted and applied the New Jersey Appellate Division's decision in *American Millennium* to the instant action. We have carefully examined the record and considered the parties' arguments on appeal and conclude that the District Court did not err. Accordingly, we will affirm essentially for the reasons set forth in Judge Sheridan's opinion.